**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**LUBBOCK DIVISION**

| | | |
|---|---|---|
| **JAMES NELMS,** | § | |
| | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 5:26-cv-102** |
| | § | |
| **TERRY COUNTY, TEXAS,** | § | |
| **DEPUTY TUCKER NELSON, and** | § | |
| **DEPUTY WILLIAM TATUM,** | § | |
| | § | |
| ***Defendants*.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

COMES NOW, James Nelms, Plaintiff, files this Original Complaint, complaining of Defendants Terry County, Texas, Deputy Tucker Nelson, and Deputy William Tatum, and for causes of action will respectfully show unto the Court as follows:

## SUMMARY

This is a civil rights and disability discrimination action arising from the arrest and transport of Plaintiff James Nelms, a visibly paralyzed individual who could not walk, stand, or use his legs. After a vehicle pursuit ended in a rural pasture in Terry County, Texas, deputies encountered Plaintiff seated in the front passenger seat of a disabled vehicle. Plaintiff did not flee and could not flee because he is paralyzed from the waist down. Plaintiff informed the deputies that he was quadriplegic/paralyzed and required a wheelchair. The deputies discussed Plaintiff's disability with him and specifically asked him how he should be moved safely. Plaintiff instructed the deputies to carry him "like a bride through the door." However, the deputies did not use the method Plaintiff described. Instead, they attempted to extract Plaintiff from the car and carry him using inappropriate methods for a paralyzed individual. During the extraction process, Plaintiff

was dropped to the ground almost immediately after being removed from the vehicle. Plaintiff's leg was visibly deformed afterward. Defendants then dragged Plaintiff through a pasture toward a patrol vehicle and continued transporting him despite obvious injury. The Deputies' conduct caused a fracture to Plaintiff's femur and constituted objectively unreasonable force under the Fourth Amendment and discrimination under Title II of the Americans with Disabilities Act.

## I.
## PARTIES

1. Plaintiff James Nelms is currently an individual residing in Lubbock, Texas.

2. Defendant Terry County, Texas is a local governmental entity organized under Texas law and is a "public entity" within the meaning of Title II of the Americans with Disabilities Act. Defendant Terry County, Texas can be served through its County Judge, Tony Serbantez, located at 500 W Main St #102, Brownfield, TX 79316, or wherever he may be found.

3. Defendant Deputy Tucker Nelson is an individual residing in Terry County, Texas and at all times relevant to this lawsuit was a deputy employed by Terry County and may be served at his place of employment with the Terry County Sheriff's Office, located at 1311 Tahoka Rd #1311, Brownfield, TX 79316, or wherever he may be found. Defendant Nelson is being sued in his individual capacity.

4. Defendant Deputy William Tatum is an individual residing in Terry County, Texas and at all times relevant to this lawsuit was a deputy employed by Terry County and may be served at his place of employment with the Terry County Sheriff's Office, located at 1311 Tahoka Rd #1311, Brownfield, TX 79316, or wherever he may be found. Defendant Tatum is being sued in his individual capacity.

## II.
## JURISDICTION AND VENUE

5. The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343 since Plaintiff is suing for relief under 42 U.S.C. § 1983 and the Americans with Disability Act.

6. Venue is proper in the Northern District of Texas pursuant to 28 U.S.C. § 1391 because all of the cause of action occurred in Terry County, Texas located in the Northern District of Texas.

## III.
## FACTS AND ALLEGATIONS

7. On or about November 23, 2024, Plaintiff James Nelms was riding in the front passenger seat of a vehicle driven by another individual.

8. Law enforcement officers initiated a traffic stop on the vehicle.

9. The driver did not stop, and a pursuit followed.

10. The vehicle eventually traveled onto a dirt road in Terry County, Texas.

11. The vehicle struck a hay bale and became high-centered in a pasture.

12. After the vehicle became immobilized, the driver fled on foot.

13. Plaintiff remained inside the vehicle and made no attempt to flee.

14. Plaintiff is paralyzed from the waist down.

15. Defendant Deputies Tucker Nelson and William Tatum of the Terry County Sheriff's Office approached the vehicle and spoke with Plaintiff.

16. Plaintiff informed Defendants Nelson and Tatum that he was quadriplegic/paralyzed.

17. Defendants Nelson and Tatum discussed whether Plaintiff needed a wheelchair.

18. Plaintiff stated that whether he needed a wheelchair depended on where Defendants Nelson and Tatum intended to take him.

19. Defendants Nelson and Tatum informed Plaintiff that if he was going anywhere, he would need a wheelchair and Plaintiff agreed.

20. Defendants Nelson and Tatum then decided to remove Plaintiff from the vehicle and transport him to a patrol unit so they could move him to a paved roadway and ultimately to the police station.

21. Before moving Plaintiff, Defendants Nelson and Tatum asked him how best to carry him.

22. Plaintiff instructed Defendants Nelson and Tatum to carry him "like a bride through the door."

23. It was obvious to Defendants Nelson and Tatum that Plaintiff was describing picking Plaintiff up with one arm under his knees and the other supporting his back, lifting him completely off the ground.

24. Defendants Nelson and Tatum did not use the method Plaintiff described.

25. Instead, Defendants Nelson and Tatum attempted to extract Plaintiff from the car manually using a different method.

26. Defendant Nelson pulled Plaintiff from the vehicle causing Plaintiff to fall almost immediately to the ground during the extraction process.

27. After the fall, Plaintiff's leg appeared visibly deformed.

28. Before the extraction, Plaintiff's legs were positioned normally while seated inside the vehicle.

29. After the fall, Plaintiff's legs appeared abnormally positioned and visibly injured.

30. Defendants Nelson and Tatum then dragged Plaintiff through the pasture toward a patrol vehicle.

31. Defendant Tatum was holding Plaintiff's shoulders while Defendant Nelson was holding Plaintiff's feet.

32. Defendants Nelson and Tatum dragged Plaintiff a substantial distance – about half a football field.

33. Defendants Nelson and Tatum then lifted Plaintiff into a patrol car for transport.

34. Plaintiff was eventually transported from the scene.

35. At all relevant times, Plaintiff was compliant and posed no threat to Defendants Nelson and Tatum.

36. Plaintiff did not resist Defendants Nelson and Tatum.

37. Plaintiff could not ambulate independently, he made this known to Defendants Nelson and Tatum, and they were subjectively aware of and appreciated this fact.

38. Plaintiff suffered severe physical injuries, including a broken leg, as a result of the way Defendants Nelson and Tatum inappropriately handled him.

39. Plaintiff also suffered pain, emotional distress, humiliation, and additional physical injury as a result of Defendants Nelson's and Tatum's conduct.

40. Defendants Nelon and Tatum were at all times acting under color of law, as they were on duty, in full uniform, and engaged in enforcing the laws of the state of Texas.

## IV.
## CAUSES OF ACTION

### Count One

### Excessive Force
### Violation of the Fourth Amendment Pursuant to 42 U.S.C. § 1983
### Against Defendants Nelson and Tatum

41. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs as if fully repeated herein.

42. Acting under the color of law, Defendants Nelson and Tatum deprived Mr. Nelms of the rights and privileges secured to him by the Fourth and Fourteenth Amendments to the United States Constitution and by other laws of the United States to be free from illegal and unreasonable seizures by the use of force.

43. Plaintiff brings this cause of action pursuant to 42 U.S.C. § 1983.

44. The amount of force used by Defendants Nelson and Tatum against Mr. Nelms, when Defendants Nelson and intentionally handled him in an inappropriate manner and dragged him roughly 50 yards through a field, was objectively unreasonable under the circumstances and inflicted unnecessary injury, pain, and suffering upon Mr. Bass.

45. Plaintiff was seized within the meaning of the Fourth Amendment.

46. The Fourth Amendment prohibits objectively unreasonable force during a seizure.

47. Plaintiff was visibly paralyzed and incapable of walking or fleeing.

48. Defendants Nelson and Tatum knew Plaintiff was paralyzed as he told them he was paralyzed and they could see he was paralyzed.

49. Defendants Nelson and Tatum specifically discussed Plaintiff's disability with him.

50. Defendants Nelson and Tatum asked Plaintiff how he should be safely moved.

51. Plaintiff provided Defendants Nelson and Tatum with instructions regarding how to carry him safely.

52. Defendants Nelson and Tatum intentionally did not use the method Plaintiff described.

53. Instead, Defendants Nelson and Tatum employed methods of extraction and transport that posed obvious and substantial risks to a paralyzed individual incapable of protecting himself or supporting his own body weight.

54. Defendants Nelson and Tatum caused Plaintiff to fall to the ground during the extraction process.

55. Defendants Nelson and Tatum then dragged Plaintiff through a pasture despite his known paralysis and visible injury.

56. Plaintiff was compliant, non-threatening, and not resisting.

57. Plaintiff did not pose an immediate threat to officer safety.

58. Under the totality of the circumstances, Defendants Nelson's and Tatum's methods of force, handling, and transport were objectively unreasonable.

59. As a direct and proximate result of Defendants Nelson's and Tatum's conduct, Plaintiff suffered severe bodily injury and damages.

60. These injuries were not caused by any other means.

61. Defendants Nelson's and Tatum's conduct violated clearly established constitutional rights of which reasonable officers would have known.

**Count Two**

**Violation of the Americans with Disabilities Act ("ADA")**
**Against Defendant Terry County, Texas**

62. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs as if fully repeated herein.

63. Under Title II of the Americans with Disabilities Act (hereinafter referred to as the "ADA"), "no qualified individual with a disability shall, by reason of such disability, be excluded

from participation in or denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such entity." 42 U.S.C. § 12132.

64. Plaintiff is a qualified individual with a disability pursuant to the ADA because he is paralyzed from the waist down.

65. Plaintiff's paralysis substantially limits major life activities including walking, standing, and mobility.

66. Terry County is a public entity subject to Title II of the ADA.

67. Plaintiff was entitled to participate in and receive the benefits of public services, including arrest, transportation, and detention, in a manner that reasonably accommodated his disability.

68. Terry County, through its employees, knew Plaintiff was paralyzed.

69. Plaintiff's disability and mobility limitations were open and obvious.

70. Terry County employees specifically discussed Plaintiff's disability and mobility needs with him.

71. Terry County employees asked Plaintiff how he should be safely moved – therefore, they understood he needed accommodation for his disability.

72. Plaintiff requested this accommodation when he informed Defendants Nelson and Tatum how to carry him safely.

73. Terry County employees failed to reasonably accommodate Plaintiff's disability during extraction, transport, and detention by ignoring his request.

74. Instead, Terry County employees used methods of handling and transport inappropriate for a paralyzed individual – including the wrong way of pulling him from the vehicle, carrying him, and dragging him on the ground for approximately fifty yards.

75. As a direct result of Defendants' failure to reasonably accommodate Plaintiff's known disability, Plaintiff suffered severe physical injury and damages – including a broken leg.

76. The need for accommodation was obvious.

77. Reasonable accommodations and safer transport methods were available.

78. Terry County employees acted with deliberate indifference to Plaintiff's federally protected rights.

79. As a direct and proximate result of Terry County's conduct, Plaintiff suffered physical injury, pain and suffering, emotional distress, humiliation, medical expenses, and other damages.

80. The failure to accommodate Plaintiff's disabilities was intentional and/or deliberately indifferent to his rights under Title II of the ADA and was the proximate cause of his injuries.

## V.
## DAMAGES

81. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs as if fully repeated herein.

82. Plaintiff's injuries were foreseeable and were directly and proximately caused by Defendants Nelson's and Tatum's use of unreasonable force against Plaintiff and the violation of his rights under the ADA. As a result, Plaintiff is entitled to recover all actual damages allowed by law.

83. As a direct and proximate result of the occurrence which made the basis of this lawsuit, Plaintiff was forced to suffer:

a. Physical pain and suffering;
b. Mental anguish;
c. Physical impairment;

d. Disfigurement;
e. Medical expenses;
f. Emotional distress; and
g. Other compensable injuries and losses.

84. Pursuant to 42 U.S.C. § 1983 and § 1988, Plaintiff seeks to recover, and requests the award of reasonable attorney's fees and costs of court.

## VI.
## ATTORNEY'S FEES

85. If Plaintiff prevails in this action, by settlement or otherwise, Plaintiff is entitled to and hereby demands attorney's fees under 42 U.S.C. § 1988.

## VII.
## JURY REQUEST

86. Plaintiff respectfully requests a jury trial.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, James Nelms, prays that judgment be rendered against Defendants, for an amount in excess of the jurisdictional minimum of this Court. Plaintiff further prays for all other relief, both legal and equitable, to which he may show himself justly entitled.

Respectfully submitted,

*/s/ James P. Roberts*

JAMES P. ROBERTS,
Texas Bar No. 24105721
SCOTT H. PALMER,
Texas Bar No. 00797196
BREANTA BOSS,
Texas Bar No. 24115768

PALMER PERLSTEIN
15455 Dallas Parkway, Suite 540
Addison, Texas 75001
Telephone: 214.987.4100

Facsimile: 214.922.9900
james@palmerperlstein.com
scott@palmerperlstein.com
breanta@palmerperlstein.com

ATTORNEYS FOR PLAINTIFF